UNITED STATES DISTRICT COURT

for

EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

U.S.A. vs. Michael B. George                                    Docket No.  5:14-MJ-1119-1

**Petition for Action on Probation**

       COMES NOW Van R. Freeman, Jr., probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Michael B. George, who, upon an earlier plea of guilty to 18 U.S.C. §13, assimilating NCGS 20-138.1, Driving While Impaired Level 2, was sentenced by the Honorable Kimberly A. Swank, U.S. Magistrate Judge, on June 11, 2014, to a 12-month term of probation under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall obtain a substance abuse assessment from an appropriate mental health facility within thirty (30) days from the date of this judgment and complete any prescribed treatment program. The defendant must pay the assessment fee and any added treatment fees that may be charged by the facility.

2. It is further ordered that the defendant shall participate in any other Alcohol/Drug Rehabilitation and Education program as directed by the U.S. Probation Office.

3. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

4. The defendant shall not operate a motor vehicle on the highways of the State of North Carolina until privilege to do so is restored in accordance with law.

5. The defendant shall be confined in the custody of the Bureau of Prisons for a period of 7 days as arranged by the probation office.

6. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

       On November 3, 2014, at the defendant's request, the court struck the condition that the defendant serve a 7 day jail term, and instead imposed the following condition, in accordance with the state statute:

1. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, for a period not to exceed 90 consecutive days.

       On November 14, 2014, the defendant registered a .05 on his remote alcohol monitor. His case was continued to allow him to work on his alcohol problem through treatment. His monitoring was increased.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On November 16 and 17, 2014, the defendant's remote alcohol monitor detected very low levels of alcohol use, registering .02. He denies any alcohol use on these occasions. On November 25, 2014, while conducting a home visit, the probation officer observed the defendant drive to the defendant's house. He was immediately confronted and admonished for this violation. In response, we recommend that his supervision be modified to include 60 days of home detention with electronic monitoring. In addition to sanctioning his behavior, this modification will allow us to more closely monitor the defendant's activities, hopefully deterring him from driving. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that probation be modified as follows:

1. The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 60 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

   Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

 /s/ Van R. Freeman, Jr. 
Van R. Freeman, Jr.
Senior U.S. Probation Officer
310 Dick Street
Fayetteville, NC 28301-5730
Phone: (910) 483-8613
Executed On: November 25, 2014

**ORDER OF COURT**

Considered and ordered this   28th   day of   November  , 2014, and ordered filed and made a part of the records in the above case.

_Kimberly A. Swank_
Kimberly A. Swank
U.S. Magistrate Judge